ELECTRONICALLY FILED
5/16/2014 4:35 PM
57-CV-2014-900080.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

# IN THE CIRCUIT COURT FOR RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| **DANNY CAIL, Husband and** | § | |
| **Administrator of the Estate of** | § | |
| **Teresa Cail, deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.:** |
| | § | **CV-2014-900080** |
| | § | |
| **JOE RYAN ENTERPRISES, INC.,** | § | |
| **BRIDGESTONE AMERICAS, INC.;** | § | |
| **BRIDGESTONE AMERICAS TIRE** | § | |
| **OPERATIONS, LLC d/b/a** | § | |
| **FIRESTONE; JOE RYAN** | § | |
| **ENTERPRISES, INC. and THOSE** | § | |
| **OTHER PERSONS, CORPORATIONS,** | § | |
| **et al.** | § | |

## DEFENDANT JOE RYAN ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Defendant Joe-Ryan Enterprises, Inc., and for answer to

Plaintiff's Second Amended Complaint, states as follows:

## STATEMENT OF THE PARTIES

1.     This Defendant is without sufficient information to either admit or

deny the allegations in paragraph 1 of Plaintiff's Second Amended Complaint and,

therefore, demands strict proof thereof.

2.     This Defendant is without sufficient information to either admit or

deny the allegations in paragraph 2 of Plaintiff's Second Amended Complaint and,

therefore, demands strict proof thereof.

3.     This Defendant is without sufficient information to either admit or deny the allegations in paragraph 3 of Plaintiff's Second Amended Complaint and, therefore, demands strict proof thereof.

4.     This Defendant admits it is a corporation formed under the laws of Georgia and does business at 1383 Brickyard Road, Phoenix City, Russell County, Alabama.

5.     This Defendant denies the allegations in paragraph 5 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## PRODUCT

6.     This Defendant is without sufficient information to either admit or deny the allegations in paragraph 6 of Plaintiff's Second Amended Complaint and, therefore, demands strict proof thereof.

## STATEMENT OF THE FACTS

7.     This Defendant is without sufficient information to either admit or deny the allegations in paragraph 7 of Plaintiff's Second Amended Complaint and, therefore, demands strict proof thereof.

8.     This Defendant denies the allegations in paragraph 8 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

9.     This Defendant denies the allegations in paragraph 9 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

10.     This Defendant denies the allegations in paragraph 10 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

11.     This Defendant denies the allegations in paragraph 11 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## <u>COUNT ONE</u>

12.     This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

13.     The allegations of paragraph 13 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

14.     The allegations of paragraph 14 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

15.     The allegations of paragraph 15 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

16.     The allegations of paragraph 16 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

17.     The allegations of paragraph 17 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

18.     The allegations of paragraph 18 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

19.     The allegations of paragraph 19 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

20.     The allegations of paragraph 20 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

21.     The allegations of paragraph 21 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

22.     The allegations of paragraph 22 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

23.     The allegations of paragraph 23 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

24.     The allegations of paragraph 24 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

25.     The allegations of paragraph 25 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

26.     The allegations of paragraph 26 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

27.     The allegations of paragraph 27 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

28.     The allegations of paragraph 28 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

29.     The allegations of paragraph 29 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

30.     The allegations of paragraph 30 do not appear to be directed at this Defendant, thus no response is required. To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

31.    The allegations of paragraph 31 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

32.    The allegations of paragraph 32 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

33.    The allegations of paragraph 33 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

34.    The allegations of paragraph 34 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

35.    The allegations of paragraph 35 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

36.     The allegations of paragraph 36 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

37.     The allegations of paragraph 37 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

38.     The allegations of paragraph 38 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

39.     The allegations of paragraph 39 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

40.     The allegations of paragraph 40 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

41.     The allegations of paragraph 41 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

42.     The allegations of paragraph 42 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

43.     The allegations of paragraph 43 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

44.     The allegations of paragraph 44 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

45.     The allegations of paragraph 45 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

46.     The allegations of paragraph 46 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

47.     The allegations of paragraph 47 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

48.     The allegations of paragraph 48 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

49.     The allegations of paragraph 49 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

50.     The allegations of paragraph 50 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

## <u>COUNT TWO</u>

### (Negligence and/or Wantonness of Defendant Bridgestone)

51.    This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

52.    The allegations of paragraph 52 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

53.    The allegations of paragraph 53 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

54.    The allegations of paragraph 54 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

55.    The allegations of paragraph 55 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

56.     The allegations of paragraph 56 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

57.     The allegations of paragraph 57 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

58.     The allegations of paragraph 58 do not appear to be directed at this Defendant, thus no response is required.  To the extent this paragraph is directed at this Defendant, this Defendant denies the material allegations and demands strict proof thereof.

## COUNT THREE

### (Negligence, Gross Negligence, and/or Wantonness of Joe-Ryan Enterprises, Inc.)

59.     This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

60.     This Defendant denies the allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

61.     This Defendant denies the allegations contained in paragraph 61 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## COUNT FOUR

### (Injuries and Damages)

62.     This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

63.     This Defendant denies the allegations contained in paragraph 63 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

64.     This Defendant denies the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

65.     This Defendant denies the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## COUNT FIVE

### (Wrongful Death)

66.     This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

67.     This Defendant denies the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

68.     This Defendant denies the allegations contained in paragraph 68 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## COUNT SIX

### (Punitive Damages)

69.     This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

70.     This Defendant denies the allegations contained in paragraph 70 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

71.     This Defendant denies the allegations contained in paragraph 71 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

72.     This Defendant denies the allegations contained in paragraph 72 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

73.     This Defendant denies the allegations contained in paragraph 73 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

74.     This Defendant denies the allegations contained in paragraph 74 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

75.     This Defendant adopts and incorporates the defenses set out in the prior paragraphs as if fully stated herein.

76.     This Defendant denies the allegations contained in paragraph 76 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

77.     This Defendant denies the allegations contained in paragraph 77 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

78.     This Defendant denies the allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## DEFENSES

1.     Plaintiff has failed to state a claim up on which relief can be granted.

2.     This Defendant pleads the defense of setoff.

3.     This Defendant avers that any and all amounts recovered by Plaintiffs, whether in the past or in the future, from other sources for injuries and/or damages allegedly arising from the accident in question are due to be set-off from any amounts that may be recovered against this Defendant.

4.     Defendant pleads the defense of assumption of the risk.

5.     Defendant pleads release, accord, and satisfaction.

6.     Defendant pleads the doctrine of laches.

7.     Defendant pleads the defenses of waiver and estoppel.

8.     Defendant pleads the defense of supervening intervening cause.

9.     Defendant pleads the defense of contributory negligence.

10.     Defendant affirmatively pleads the applicable statute of limitations as may be indicated by discovery or investigation.

11.     Defendant avers that Plaintiff's Second Amended Complaint is due to be dismissed based on lack of jurisdiction.

12.     Defendant asserts that venue is improper.  Alternatively, this action should be dismissed and/or transferred to a more convenient forum pursuant to the doctrine of *forum non conveniens* based on the convenience of the parties and witnesses and in the interest of justice.

13.     This Defendant pleads the doctrine of product misuse.

14.     At the time and place alleged in the Second Amended Complaint, the tire described therein had been substantially modified or altered; hence, Plaintiff ought not recover from this Defendant.

15.     Plaintiff cannot recover because any purported danger associated with the subject tire was open and obvious and/or discoverable by reasonable inspection and thus Defendant had no duty to guard or warn against any such purported dangers.

16.     Plaintiff cannot recover because the subject tire was not sold by this Defendant to Plaintiff's decedent.

17.     Defendant alleges that it was not the proximate cause of the decedent's death.

18.     The decedent's death was caused by acts or omissions of others for whom Defendant is not legally responsible and over whom Defendant had no control.

19.     To the extent that any party has settled or may in the future settle with Plaintiff, Defendant asserts its entitlement to an appropriate credit or reduction of any judgment against it.

20.     Some or all of Plaintiff's claims are preempted by federal law.

21.     To the extent that workers' compensation law applies, this Defendant asserts each and every immunity and defense that would be applicable under Alabama workers' compensation law.

22.     This Defendant pleads the terms and conditions of any agreement entered into by this Defendant and Teresa Cail.

23.     This Defendant asserts that the Plaintiff lacks standing to pursue the claims asserted in the Second Amended Complaint.

24.     Defendant is not guilty of any conduct that would entitle Plaintiff to recover punitive damages.

25.     To the extent Plaintiff's claims may invoke punitive damages, they violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to

impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)    The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     The Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

      (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

      (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

      (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

      (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

      (5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     The Plaintiffs' attempt to impose punitive or extra-contractual damages on Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l)     The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under ALA. CODE, § 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

26.     Plaintiff's Second Amended Complaint seeks to make this Defendant liable for punitive damages.  The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v.  Gore*, 116 S.Ct. 1589 (1996) on the issue of punitive damages.  Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case.

27.     Defendant affirmatively pleads that any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with ALA. CODE § 6-11-21 and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

28.     The demand for punitive damages in the instant case is subject to the limitations established by the Alabama Legislature and set forth in ALA. CODE § 6-11-21, (1975).   The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  *See Honda Motor Company, Ltd. v. Oberg*, 512 U. S. 415, 114 S. Ct. 2331, 2340 n. 9 (1994).

29.     Defendant avers that the punitive damage cap set out in ALA. CODE § 6-11-21, (1975) applies to the instant case.  *See Horton Homes, Inc. v. Brooks*, 2001 WL 1520623 (Ala. Nov. 30, 2001).

30.     Defendant avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  *See TXO Production Corp. v. Alliance Resources Corp*., 113 S. Ct. 2711 (1993).

31.     Defendant avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P*., 2002 WL 31341084.

32.     The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

33.     This Defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

/s/Jessica S. Pitts
ALAN T. HARGROVE, JR. (HAR236)
JESSICA S. PITTS (PIT041)
Attorneys for Defendant
Joe-Ryan Enterprises, Inc. and Joe-Ryan Enterprises, Inc. d/b/a Joe-Ryan Trucking

OF COUNSEL:

Alan T. Hargrove, Jr., Esq.
Jessica S. Pitts. Esq.
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270
(334) 206-3100
(334) 481-0812 facsimile (Hargrove)
(334) 481-0822 facsimile (Pitts)
ath@rushtonstakely.com
jpitts@rushtonstakely.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 16th day of May, 2014, I served the foregoing pleading via U.S. Mail and I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system, which will send notification of such to the following counsel of record:

     Benamin E. Baker, Esq.
     William J. Benton, Esq.
     L. Shane Seaborn, Esq.

     Kenneth M. Perry
     Hope T. Cannon
     Hillary L. Chinigo

                                */s/Jessica S. Pitts*
                                  OF COUNSEL